**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **Mortgage Grader, Inc.,** | § | |
| | § | **Civil Action No. 2:09-CV-319-TJW** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **PATENT CASE** |
| | § | |
| **BankLoans.com LLC,** | § | |
| **Mortgagebot, LLC** | § | |
| **Zillow Inc.,** | § | **JURY TRIAL DEMANDED** |
| **Amerisave Mortgage Corp.,** | § | |
| **American Internet Mortgage Inc., and** | § | |
| **American Heritage Capital LP d/b/a** | § | |
| **AHC Lending,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR**</u>
<u>**JUDGMENT ON THE PLEADINGS [D.I. 58]**</u>

# TABLE OF CONTENTS

STATEMENT OF ISSUE ...................................................................................................................1

I.      INTRODUCTION...................................................................................................................1

II.     STATEMENT OF FACTS .................................................................................................... 2

    A.   The Claimed Invention ............................................................................................... 2

    B.   The Pleadings................................................................................................................4

III.    LAW AND ARGUMENT...................................................................................................... 4

    A.   Application of Fifth Circuit Law to the Instant Case  Demonstrates that the Rule 12(c) Motion Should Be Denied. ......................................................................................................4

    B.   Whether an Invention is Directed to Patentable Subject Matter Is a Mixed Question of Law and Fact, and Is Not a Proper Basis for Rule 12(c) Motion....................................................6

        1.   Legal Analysis of 35 U.S.C. § 101 Requires Claim Construction ...............................7

        2.   Defendants Fail to Meet their Burden to Prove Invalidity under 35 U.S.C. § 101 with Clear and Convincing Evidence ...........................................................................................9

        3.   The Pleadings Do Not Support Judgment Under Rule 12(c)......................................9

        4.   Defendants' Use of Facts Converts the Rule 12(c) Motion to a Rule 56 Motion .................... 10

    C.   The Claims Meet the Requirements of the "Machine-or-Transformation" Test of In re Bilski ..... 12

        1.   Plaintiff's Patent Issued Under the "Machine-or-Transformation" Test ................................ 14

        2.   Defendants' Primary Case Law, In re Bilski, Is Currently Being Challenged and Awaiting Review and Decision By the Supreme Court.............................................................. 15

        3.   The Machine-or-Transformation Test Does not Apply to Claim 1 ........................................ 16

        4.   Claim 19 Meets the Requirements of the Machine-or-Transformation Test ........................... 17

        5.   Claim 31 Meets the Requirements of the Machine-or-Transformation Test ........................... 17

IV.     CONCLUSION ........................................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350 (Fed. Cir. 1984) ......................... 2

*Arrhythmia Res. Tech. Inc. v. Corazonix Corp.,* 958 F.2d 1053 (Fed. Cir. 1992).............. 8, 11, 15

*Bilski v. Doll*, 2009 U.S. LEXIS 4103 (U.S. June 1, 2009) .......................................................... 18

*Brittan Comm. Int'l Corp. v. S.W. Bell Tel. Co.,* 313 F.3d 899 (5th Cir. 2002) ............................ 6

*Cochrane v. Deener,* 94 U.S. 780 (1876) ................................................................................... 16

*Cybersource Corp. v. Retail Decisions, Inc.*, 620 F.Supp.2d 1068 (N.D. Cal. 2009) .. 9, 10, 12, 14

*DealerTrack v. Huber*, 657 F.Supp.2d 1152 (C.D. Cal. 2009) ..................................................... 12

*Diamond v. Diehr*, 450 U.S. 175 (1981) .......................................................................... 15, 16, 18

*Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395 (5th Cir. 1996) .................................... 6

*Fuzzysharp Techs., Inc. v 3D Labs, Inc.*, 2009 WL 4899215 (N.D. Cal. Dec. 11, 2009) .. 9, 12, 13

*Gottschalk v. Benson*, 409 U.S. 63 (1972) ........................................................................... 15, 16

*Herbert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74 (5th Cir. 1990) ................... 6, 7

*In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008).......................................................................... passim

*In re Grams*, 888 F.2d 835 (Fed. Cir. 1989) .............................................................................. 14

*In re Schrader*, 22 F.3d 290 (Fed. Cir. 1994) ........................................................................... 14

*In re Trovato*, 42 F.3d 1376 (Fed. Cir. 1994) ........................................................................... 14

*J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77 (5th Cir.1962) ........................................ 7

*Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999) ................................................................... 5, 6

*Merck & Co. v. Hi-Tech. Pharmacal Co.*, 482 F.3d 1317 (Fed. Cir. 2007) ................................... 5

*Parker v. Flook,* 437 U.S. 584 (1978)........................................................................................ 15

*Power-One, Inc. v. Artesyn Technologies, Inc.*, 556 F.Supp.2d 5915 (E.D. Tex. 2008).............. 11

*Rainwater v. 21s Mortgage Corp.*, 2010 U.S. Dist. LEXIS 30866 (E.D. Tex. Feb. 24, 2010) .... 14

*Saudi Arabia v. Nelson*, 507 U.S. 349 (1993) ................................................................. 5

*State St. Bank & Trust Co. v. Signature Fin. Group*, 149 F.3d 1368 (Fed. Cir. 1998) ................. 9

*Takeda Chem. Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350 (Fed. Cir. 2007) ............................. 2

*Vander Zee v. Reno*, 73 F.3d 365, 1368 (5th Cir. 1996) ................................................. 6

*Versata Software, Inc. et al. v. Sun Microsystems, Inc.*, 2009 U.S. Dist. LEXIS 37811 (E.D. Tex. 2009) ................................................................................................... 5

*Voest-Alpine Trading USA Corp. v. Bank of China et al.*, 142 F.3d 887 (5th Cir. 1998) .......... 5, 6

**Statutes**

35 U.S.C. § 101 ........................................................................................ passim

35 U.S.C. § 282 ........................................................................................ 2, 11

Fed. R. Civ. P. 12(b)(6) ................................................................................. 12

Fed. R. Civ. P. 12(c) ................................................................................. passim

Fed. R. Civ. P. 12(d) ................................................................................ 12, 14

Fed. R. Civ. P. 56 ................................................................................ 5, 12, 14

P.R. 4-1 to 4-5 .......................................................................................... 10

**Other Authorities**

MPEP Eighth Ed., v. 6, Section 2106, page 2100-11 (July 2007) ................................. 17

**Treatises**

5A Wright & Miller, Federal Practice & Procedure, Sec. 1367 at 509-10 (1990) ........................ 7

Plaintiff Mortgage Grader, Inc. ("Plaintiff") submits this Response in Opposition to the

Motion for Judgment on the Pleadings filed by Defendants American Heritage Capital LP

("AHC"), American Internet Mortgage Inc. ("Aimloan"), Amerisave Mortgage Corporation

("Amerisave"), Mortgagebot ("Mortgagebot"), LLC, and Zillow, Inc. ("Zillow") (collectively

referred to as "Defendants" or the "Moving Defendants"), under Federal Rule of Civil Procedure

Rule 12(c).

<u>**STATEMENT OF ISSUE**</u>

The issue before this Court is whether Defendants have sufficiently demonstrated that

only issues of law remain and whether this case is ripe for judgment on the pleadings pursuant to

Fed. R. Civ. P. 12(c).  Plaintiff asserts that the Moving Defendants' Motion for Judgment on the

Pleadings is not proper because the patent is presumed valid, facts are in dispute, and Defendants

have failed to meet their burden of proving invalidity by clear and convincing evidence.

Accordingly, Plaintiff respectfully requests the Court deny the Defendants' motion.

## I.      INTRODUCTION

The current Motion for Judgment on the Pleadings before the Court should be denied

because the Moving Defendants have not met their burden to prove that there are no disputed

issues of material fact and that only issues of law remain pursuant to Federal Rule of Civil

Procedure Rule 12(c).

The Moving Defendants premise their motion for judgment on the pleadings in their

favor solely upon arguments that U.S. Patent No. 7,366,694 (the "'694 patent") is invalid for lack

of patentable subject matter under 35 U.S.C. § 101, and further in light of *In re Bilski*, 545 F.3d

943 (Fed. Cir. 2008).  The motion should be denied because the pleadings, when viewed in a

light most favorable to Plaintiff, establish that Plaintiff's patent is valid and is based on

patentable subject matter.  The '694 patent contains claims that recite a computer for the

transformation of data as part of the claimed invention.  Thus, the claims are directed to

patentable subject matter under 35 U.S.C. § 101. (See Exhibit A: the '694 patent). Moreover,

these facts are disputed and not ripe for judgment under Federal Rule of Civil Procedure 12(c).

For these reasons, the Defendants' motion should be denied.

## II.     STATEMENT OF FACTS

### A.  The Claimed Invention

The '694 patent was duly and legally issued by the United States Patent and Trademark

Office on April 29, 2008 after full and fair examination.  [D.I. 1, ¶ 13.]  There is a presumption

that the Examiner performed his job properly.  *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.,*

725 F.2d 1350, 1359 (Fed. Cir. 1984).  Additionally, an issued patent is entitled to a presumption

of validity.  35 U.S.C. § 282; *Takeda Chem. Ltd. v. Alphapharm Pty., Ltd*., 492 F.3d 1350, 1355

(Fed. Cir. 2007).

The '694 patent, entitled "Credit/Financing Process", relates to a computer-implemented

method for a borrower and a lender to share information based upon the borrower's interest in

obtaining financing (for purchase or refinance of a house), and based upon computer processing

of the borrower's personal information to determine a credit grading, to apply underwriting

criteria and to identify loan packages.  [D.I. 1, ¶ 1; Exhibit A, Abstract.]  Claim 1 of the '694

patent recites "[a] computer-implemented system for enabling borrowers to anonymously shop

for loan packages offered by a plurality of lenders."  (Exhibit A, col.17, lns. 23-61).  The

technology for credit financing utilizes computer tools, specialized software and methods to

transform information from the borrower and the lender into a resulting product – a loan package

that is tailored to the individual borrower.  The invention relies upon a computer to provide a

2

neutral interface for the interchange, exchange, and transformation of information between a

borrower and lender(s) to prevent discriminatory lending practices and to empower the borrower

to make an informed decision to determine which lender provides the best services and

competitive rate quotes to meet his/her financing needs.  (Exhibit A, col. 1, ln. 51 – col. 2, ln. 3).

The references to the use of a computer to perform certain steps of the patented invention are

highlighted in Claim 1 below.

What is claimed is:
1. A computer-implemented system for enabling borrow-
ers to anonymously shop for loan packages offered by a
plurality of lenders, the system comprising:                    25
    a database that stores loan package data specifying loan
        packages for home loans offered by the lenders, the
        loan package data specifying, for each of the loan
        packages, at least a loan type, an interest rate, and a
        required borrower credit grading; and                   30
    a computer system that provides:
        a first interface that allows the lenders to securely
            upload at least some of the loan package data for
            their respective loan packages to the database over a   35
            computer network; and
        a second interface that prompts a borrower to enter
            personal loan evaluation information, and invokes,
            on a computer, a borrower grading module which
            uses at least the entered personal loan evaluation      40
            information to calculate a credit grading for the
            borrower, said credit grading being distinct from a
            credit score of the borrower, and being based on
            underwriting criteria used by at least some of said
            lenders;                                            45
    wherein the second interface provides functionality for
        the borrower to search the database to identify a set of
        loan packages for which the borrower qualifies based
        on the credit grading, and to compare the loan packages
        within the set, including loan type and interest rate,      50
        while remaining anonymous to each of the lenders and
        without having to post a request to any of the lenders,
        said second interface configured to display to the
        borrower an indication of a total cost of each loan
        package in the set, said total cost including costs of       55
        closing services not provided by corresponding lend-
        ers;
    and wherein the computer-implemented system further
        enables the borrower to selectively expose at least the
        personal loan evaluation information to a lender cor-        60
        responding to a selected loan package.

In addition to the claim's direct reference to use of a computer tool, the claim also

requires the use of other technology tools including a "database" (col. 17, lns 27, 35 and 47) and

a "borrower grading module" (col. 17, ln. 39).

The Defendants' arguments are based on alleged facts that are unsupported by the claims

of the '694 patent.  Indeed, the Defendants' argument that the invention does not require use of a

computer is simply not correct and contradicts the plain language of the claims.

B.  The Pleadings

The Defendants' Motion for Judgment on the Pleadings under Fed. R. Civ. P. Rule 12(c) is limited to the content of the pleadings.  No other evidence may be considered.  The Plaintiff's pleadings consist of the Complaint [D.I. 1] and a copy of the patent-in-suit, the '694 patent", attached to the Complaint as Exhibit A.  Plaintiff's pleadings also include responses to the counterclaims raised by Defendants in their Answers [D.I. 43, 44, 55, 56, and 57] (responses to counterclaims raised by Aimloan, Mortgagebot, Zillow, Amerisave and AHC, respectively).

The Defendants' pleadings include Aimloan's Answer and Counterclaims [D.I. 33], Mortgagebot's Answer and Counterclaims [D.I. 34], Amerisave's Answer and Counterclaims [D.I. 46], AHC's Answer and Counterclaims [D.I. 48], and Zillow's Answer and Counterclaims [D.I. 50].  Bankloans filed a Motion to Dismiss for Lack of Jurisdiction [D.I. 35] in lieu of an Answer.  The counterclaims asserted by the Defendants in their Answers to the Complaint did not include any additional facts to support the counterclaims.  Thus, Defendants raise specific facts in support of their invalidity arguments for the first time in their brief filed in support of the Motion under Rule 12(c).  Accordingly, the motion should be treated as a motion for summary judgment under Fed. R. Civ. Pro. Rule 56, and if the motion is not denied outright, Plaintiff should be permitted discovery on the issues presented in Defendants' motion.

III.    LAW AND ARGUMENT

A.  Application of Fifth Circuit Law to the Instant Case
    Demonstrates that the Rule 12(c) Motion Should Be Denied.

In a patent case, a district court applies the rule of the regional circuit in deciding a motion to dismiss on the pleadings under Rule 12(c).  *Versata Software, Inc. et al. v. Sun Microsystems, Inc.*, 2009 U.S. Dist. LEXIS 37811, *2  (E.D. Tex. 2009) (*citing Merck & Co. v. Hi-Tech. Pharmacal Co.*, 482 F.3d 1317, 1320 (Fed. Cir. 2007)). "In analyzing the complaint,

[the court is to] accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Versata Software, Inc*., 2009 U.S. Dist. LEXIS 37811, *2-3 (*quoting Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)); *see Saudi Arabia v. Nelson*, 507 U.S. 349, 351 (1993). "Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain." *Voest-Alpine Trading USA Corp. v. Bank of China et al.*, 142 F.3d 887, 891 (5th Cir. 1998) (*citing Herbert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)); *see also Brittan Comm. Int'l Corp. v. S.W. Bell Tel. Co.,* 313 F.3d 899, 904 (5th Cir. 2002), *cert. denied*, 2003 U.S. LEXIS 3740. The "[p]leadings should be construed liberally." *Brittan Comm. Int'l Corp.,* 313 F.3d at 904. "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.2d at 324 (5th Cir. 1999) (*citing Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). "[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones*, 188 F.2d at 324 (*citing Vander Zee v. Reno*, 73 F.3d 365, 1368 (5th Cir. 1996)). Rule 12(c) typically is applied to issues that are true issues of law such as statutory interpretation, *Brittan*, 313 F.3d at 904-905 (interpretation of the Communications Act), or sovereign immunity, *Voest-Alpine Trading USA Corp.*, 142 F.3d at 891 (whether Bank of China enjoys sovereign immunity).

A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be decided based upon the pleadings and any judicially noticed facts. *Herbert Abstract Co.*, 914 F.2d at 76 (citing 5A Wright & Miller, Federal Practice & Procedure, Sec. 1367 at 509-10 (1990); *J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78-79 (5th Cir.1962)). The Defendants have not met their

burden to demonstrate that all material issues of fact have been put to rest in the pleadings, and

that only issues of law remain for the Court to decide.

The facts of the instant case are in dispute.  Additionally, the facts that form the basis of

the Defendants' motion are not found in the pleadings.  Rather, they are arguments raised for the

first time in Defendants' motion.  In response, Plaintiff raises facts based upon the patent, the

complaint and legal presumptions to which Plaintiff and its patent are entitled.  Plaintiff

demonstrates that (1) the patent is valid; (2) the issues of fact underlying the Defendants'

assertion that the '694 patent is invalid under 35 U.S.C. § 101 are in dispute, and (3) the

pleadings, when viewed in a light most favorable to Plaintiff, raise questions of fact regarding

the Defendants' infringement and the validity of the patent.  This case is not appropriate for

dismissal under Fed. R. Civ. P. 12(c).  Plaintiff respectfully request that the Court deny

Defendants' motion.

      B.  <u>Whether an Invention is Directed to Patentable Subject Matter Is a Mixed
Question of Law and Fact, and Is Not a Proper Basis for Rule 12(c) Motion.</u>

A new and useful process or apparatus is patentable subject matter, as defined in 35

U.S.C. 101:

> Whoever invents or discovers any new and useful process,
> machine, manufacture, or composition of matter, or any new and
> useful improvement thereof, may obtain a patent therefor, subject
> to the conditions and requirements of this title.

*See Arrhythmia Res. Tech. Inc. v. Corazonix Corp.,* 958 F.2d 1053, 1056 (Fed. Cir. 1992).

"Whether a claim is directed to statutory subject matter is a question of law."  *Id.* at 1055.

However "***determination of this question may require findings of underlying facts specific to***

***the particular subject matter and its mode of claiming***."  *Id.* at 1055-56 (emphasis added).  The

determination of whether the invention claimed in the '694 patent is directed toward statutory

subject matter and allowed under 35 U.S.C. § 101 requires an investigation and analysis of the

"underlying material facts specific to the particular subject matter and mode of claiming." *Id.*
Any analysis of invalidity under § 101 also requires interpretation of case law and its application
to the specific facts of the case at hand.  Further, while defendants argued that an analysis of
claims under § 101 is a threshold inquiry, (Defendants' Brief, page 7), ***the Defendant' cannot
cite to any legal authority to support their assertion that this analysis is "properly resolved on
a motion for judgment on the pleadings."***  *See Id.*

As discussed more fully *infra*, Plaintiff uses facts sufficient to demonstrate that the claims
of the '694 patent are directed to patentable subject matter pursuant to 35 U.S.C. § 101.
Specifically, the claims require use of technology tools for its apparatus and method claims in
order to produce the novel invention.  These and other facts raised herein must be considered in
the analysis of whether the patent is meets the requirements of 35 U.S.C. § 101.  Because the
determination under Section 101 of the Patent Laws requires analysis of facts and case law, it is
not a pure question of law for which Rule 12(c) is appropriate.  Thus, the Rule 12(c) motion
should be dismissed.

### 1.  Legal Analysis of 35 U.S.C. § 101 Requires Claim Construction

Whether a claim is valid under Section 101 requires both claim construction and statutory
construction.  *In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008).  Claim construction is an
important first step in a Section 101 analysis.  *Id.* (*citing State St. Bank & Trust Co. v. Signature
Fin. Group*, 149 F.3d 1368, 1370 (Fed. Cir. 1998)).  While Defendants contend that claim
construction is not required in the instant case (Defendants' Brief, page 7), the legal support for
this, *Cybersource Corp. v. Retail Decisions, Inc.*, is misrepresented.  *Cybersource* actually
quotes *In re Bilski*:

> The Federal Circuit has characterized claim construction as "an
> important first step" in a section 101 analysis.  *Bilski*, 545 F.3d at
> 951.

*Cybersource Corp. v. Retail Decisions, Inc.*, 620 F.Supp.2d 1068, 1073 (N.D. Cal. 2009). In *Cybersource Corp.*, the court had before it the parties' Joint Claim Construction Statement, and adopted plaintiff's proposed constructions in its § 101 analysis. *Cybersource Corp.*, 620 F.Supp.2d at 1073. *See also Fuzzysharp Techs., Inc. v 3D Labs, Inc.*, No. 07-5948, 2009 WL 4899215, at 2 (N.D. Cal. Dec. 11, 2009) ("the Court will construct the claims, if necessary, in the manner advocated by Fuzzysharp [in its claim construction statement]"). The *Cybersource* court did, in fact, assert that claim construction is a required a first step in the § 101 analysis. The only reason the *Cybersource* court was not required to conduct claim construction independent of the parties (e.g., *sua sponte*) was because the parties had already provided the court with their proposed constructions. The court had before it Plaintiff's preferred claim constructions. Defendants' argument that "[c]laim construction is not required before resolving a § 101 invalidity challenge" (Defendants' Brief, page 7) misrepresents the legal analysis and conclusions of the *Cybersource* court, which are clearly fact-specific to that case.

Claim construction *is required* before resolving a § 101 invalidity challenge. *Cybersource Corp.*, 620 F.Supp.2d at 1073.  In the instant case, no claim construction briefs or statements have been submitted to the Court.  Thus, the Court will be required to construe the claims as a first step in the § 101 analysis without the benefit of any proposed constructions from parties.  More importantly, for purpose of the Rule 12(c) motion, the court cannot be certain which construction(s) will favor Plaintiff.   The evidence required to perform a proper analysis of the patent and its claims under 35 U.S.C. § 101 is not before the Court.  The parties need time to conduct discovery on claim construction issues, and to comply with the Local Patent Rules, prior to any claim construction determination can be conducted by the Court, in accordance with

Local Rules.  P.R. 4-1 to 4-5.  The case is not ripe for a determination under Fed. R. Civ. P.

12(c).  The Defendants' motion must be denied.

> 2.  <u>Defendants Fail to Meet their Burden to Prove Invalidity under 35 U.S.C. §
> 101 with Clear and Convincing Evidence</u>

The '694 patent is presumed to be valid pursuant to 35 U.S.C. § 282.  *Takeda Chem. Ltd.*

*v. Alphapharm Pty., Ltd*., 492 F.3d 1350, 1355 (Fed. Cir. 2007).  The accused infringer

[Defendants] bears the burden to show by clear and convincing evidence, sufficient facts to

support a conclusion of invalidity.   *Id.  See also Power-One, Inc. v. Artesyn Technologies, Inc*.,

556 F.Supp.2d 591, 595 (E.D. Tex. 2008).  Defendants' arguments gloss over the claim

construction requirements of the Section 101 analysis, and then make broad, sweeping

statements for adopting claim construction of other computer-related patent litigations to the

instant case in support of their invalidity arguments.  (Defendants' Brief, pages 10-21).  The

Defendants have not proved invalidity by clear and convincing evidence.  They have merely

raised questions of fact.

> 3.  <u>The Pleadings Do Not Support Judgment Under Rule 12(c)</u>

Defendants do not plead facts sufficient to overcome the presumption that the patent is

valid.  [See Defendants' Pleadings, D.I. 33, 34, 46, 48, 50 and 35.]  The facts and circumstances

in Defendants' case law regarding the "general purpose computers" arguments and postsolution

activities raise mere questions of fact.  (Defendants' Brief, pages 10-21).  Further, many of the

cases are not controlling law for this Court.  (Defendants' Brief, pages 10-16).  Additionally,

Plaintiff has raised questions of fact with respect to the underlying factual inquiry that is required

to perform the analysis of the "machine" and "transformation" prongs of the "machine-or-

transformation" test.  *See Arrhythmia*, 958 F.2d at 1055-56 (the question of patentable subject

matters rests upon the underlying facts specific to the particular subject matter and mode of claiming).  This motion for judgment on the pleadings under Rule 12(c) should be denied.

        4.  <u>Defendants' Use of Facts Converts the Rule 12(c) Motion to a Rule 56 Motion</u>

Federal Rule of Civil Procedure requires that a motion for judgment under 12(b) or (c) be converted to a motion for summary judgment under Rule 56 if evidence outside the pleadings are introduced and/or otherwise required for the determination.  Fed. R. Civ. P. 12(d).

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.  Fed. R. Civ. P. 12(d).

Defendants raise many questions of fact to support their arguments of invalidity. Defendants pull many of these facts from non-controlling case law of California district courts regarding computers and use of computers in patents.  (Defendants Brief, pages 10-13) (*citing DealerTrack v. Huber*, 657 F.Supp.2d 1152 (C.D. Cal. 2009), *Fuzzysharp Techs*., 2009 WL 4899215, and *Cybersource Corp*. 620 F.Supp.2d 1068).

For example, Defendants use facts from U.S. Patent No. 7,181,427, the patent in issue in *DealerTrack v. Huber,* in an attempt to equate the invention of the '694 patent with the invention of the '427 patent in *DealerTrack*, and to further their invalidity arguments.  Defendants' arguments are also premised on the *DealerTrack* court's claim construction.  (Defendants' Brief, page 11, *quoting court's construction of claim terms*).  *DealerTrack's* factual circumstances are not the same as those in the current case, and the claim construction of the terms in the *DealerTrack* patent(s) are not applicable to the construction of claims in the '694 patent.

Defendants also incorporate facts from technical discussions regarding a general purpose computer in *Fuzzysharp Techs., Inc. v. 3D Labs, Inc*. to support their invalidity arguments.

(Defendants' Brief, pages 12-13).  However, the facts in *Fuzzysharp Techs*. are distinguishable from the current case.  Fuzzysharp conceded that its patent claims were not transformative. *Fuzzysharp Techs*., 2009 WL 4899215, at *4.  Plaintiff Mortgage Grader makes no similar concession.  The patent in *Fuzzysharp Techs*. was directed to calculations for improving 3D computer graphics ("an improved method for performing visibility calculations").  *Fuzzysharp Techs*., 2009 WL 4899215, at *1.  Plaintiff Mortgage Grader's patent is directed to different invention for nondiscriminatory lending that transforms data from borrower and lenders, and that requires a particular machine to perform the transformation.  Finally, the *Fuzzysharp Techs*. court used claim constructions from the parties' Joint Claim Construction Statement  in its analysis relied upon in finding that the claims were not tied to a particular machine.  *Fuzzysharp Techs*., 2009 WL 4899215, at *4.  Here, the Court does not have any claim construction statements before it.

Similarly, reliance on *Cybersource Corp. v. Retail Decisions, Inc*. is misplaced. (Defendants' Brief, page 13).  *Cybersource Corp. v. Retail Decisions, Inc*. is distinguishable for many of the same reasons discussed *supra*. i.e., the *Cybersource* court analysis relied upon the language of U.S. Patent No. 6,029,154 , and its claims, and Joint Claim Construction Statements already filed and before the court.  *Cybersource Corp*. 620 F.Supp.2d 1068, 1071-1073 . Defendants remaining hodge podge of arguments are equally deficient.  (Defendants' Brief, pages 13-16, *discussing claim terms*; pages 16-21, *discussing postsolution activity*,  *citing In re Grams*, 888 F.2d 835 (Fed. Cir. 1989) ("data-gathering step"); *In re Schrader*, 22 F.3d 290 (Fed. Cir. 1994) (recording data); *In re Trovato*, 42 F.3d 1376 (Fed. Cir. 1994) (data recordation)). The Defendants' selective reference to the specification, the claim terms, and facts from

unrelated cases is no substitute for a full and fair briefing on the claim construction issues. *See* P.R. 4-1 to 4-6.

Defendants' use of facts and claim construction arguments from these numerous cases go beyond the pleadings. Plaintiff is permitted by law to conduct discovery and introduce evidence regarding the issues raised and to respond to Defendants' factual arguments. Fed. R. Civ. P. 12(d). The Defendants' Rule 12(c) motion must be treated as a motion for summary judgment under Rule 56. *Id. See Rainwater v. 21s Mortgage Corp.*, 2010 U.S. Dist. LEXIS 30866, *12 (E.D. Tex. Feb. 24, 2010). Accordingly, Plaintiff requests that full discovery and briefing of all issues raised in Defendants' Brief, including claim construction issues, so that the Court has before it all the evidence it needs to evaluate the claims of the patent under 35 U.S.C. §101.

     C.    <u>The Claims Meet the Requirements of the "Machine-or-Transformation" Test of In re Bilski</u>

Whether a claim is drawn to patent-eligible subject matter under § 101 is an issue of law. *Arrhythmia,* 958 F.2d 1053, 1055; *In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008). In the language of the patent law, a process is an art. *Id*. at 952 (*citing Diamond v. Diehr*, 450 U.S. 175, 182-184 (1981)). The Supreme Court has enunciated a definitive test to determine whether a process claim is tailored narrowly enough to encompass only a particular application of a fundamental principle rather than to pre-empt the principle itself. *Id*. at 954.

> A claimed process is surely patent-eligible under *§ 101* if:
> (1) it is tied to a particular machine or apparatus, or (2) it
> transforms a particular article into a different state or thing. *Id.*

*See Gottschalk v. Benson*, 409 U.S. 63, 70 (1972) ("Transformation and reduction of an article 'to a different state or thing' is the clue to the patentability of a process claim that does not include particular machines."); *Diehr,* 450 U.S. at 192 (holding that use of mathematical formula in process "transforming or reducing an article to a different state or thing" constitutes patent-

eligible subject matter); *see also Parker v. Flook,* 437 U.S. 584, 589, n.9 (1978) ("An argument can be made [that the Supreme] Court has only recognized a process as within the statutory definition when it either was tied to a particular apparatus or operated to change materials to a 'different state or thing'"); *Cochrane v. Deener,* 94 U.S. 780, 788 (1876) ("A process is . . . an act, or a series of acts performed upon the subject-matter to be transformed and reduced to a different state or thing."). The "[t]ransformation and reduction of an article 'to a different state or thing' is the clue to the patentability of a process claim that does not include particular machines." *In re Bilski*, 545 F.3d at 955-956 (*quoting Gottschalk v. Benson*, 409 U.S. at 70 (emphasis added in *In re Bilski*)). In *In re Bilski*, the Federal Circuit did not depart from the machine-or-transformation test, but rather reaffirmed that the test, ***when properly applied, is the governing test for determining patent eligibility of a process under § 101***, by quoting *Diamond v. Diehr*, 450 U.S. 175, 192 (1981).

> The Diehr Court stated: "[W]hen a claim containing a mathematical formula implements or applies that formula in a structure or process which, when considered as a whole, is performing a function which the patent laws were designed to protect (e.g., transforming or reducing an article to a different state or thing), then the claim satisfies the requirements of § 101." *450 U.S at 192* (emphases added). *In re Bilski*, 545 F.3d at 956.

"[T]he proper inquiry under § 101 is not whether the process claim recites sufficient "physical steps," but rather whether the claim meets the machine-or-transformation test. As a result, even a claim that recites "physical steps" but neither recites a particular machine or apparatus, nor transforms any article into a different state or thing, is not drawn to patent-eligible subject matter." *In re Bilski*, 545 F.3d at 961. "Conversely, a claim that purportedly lacks any "physical steps" but is still tied to a machine or achieves an eligible transformation passes muster under § 101." *Id.*

The claims of the '694 patent meet the requirements of the machine-or-transformation test. First and foremost, the machine-or-transformation test applies to method claims. *In re Bilsk*i, 545 F.3d at 949 ("we clarify the standards applicable in determining whether a claimed method constitutes a statutory "process" under § 101). The method claims of the '694 patent, independent claims 19 and 31, require the use of a computer, and recite steps to be performed with technological tools. The use of the technological tools with the steps of the claimed invention produce a result – reports created based upon the information processed using software which educate borrowers on the home financing market, and which give borrowers their own status in the financing market. The computer software processes the information the database receives from the lenders and the borrowers, and performs credit grading of the borrower, and produces reports based on these two sets of information. The remaining independent claim, claim 1, is not a method claim. Claim 1 is directed to a "computer-implemented system for enabling borrowers to anonymously shop for loan packages." (Exhibit A, col. 17, lns 23-24).

1.   Plaintiff's Patent Issued Under the "Machine-or-Transformation" Test

The Patent and Trademark Office examined the '694 patent under the Judicial Exceptions to 35 U.S.C. § 101, which required that the examiner determine whether the claimed invention: (A)"transforms" an article or physical object to a different state or thing; or (B) otherwise produces a useful, concrete and tangible result, based on the factors discussed below. *See* MPEP Eighth Ed., v. 6, Section 2106, page 2100-11 (July 2007) (*citing Diamond v. Diehr*, 450 U.S. at 187, *Gottschalk v. Benson*, 409 U.S. at 71). During prosecution of this patent, the Examiner did not object to the claims as unpatentable under § 101. Thus, Defendants' arguments that the Examiner evaluated and approved the claims under the "useful, concrete and tangible result" test is purely hypothetical and without factual support. (Defendants' Brief, page 4). It is more likely

14

that the Examiner evaluated and approved the claims under the "transformation" test in *Diamond v. Diehr* which the Federal Circuit reaffirmed as the proper test for method claims in *In re Bilski*. Because the court is to accept all well-pleaded facts as true, and view the facts in the light most favorable to the plaintiff, the Court here, for purposes of evaluating the Rule 12(c) motion, must accept the fact that the Examiner applied the "machine-or-transformation" test enunciated in *Diamond v. Diehr*, and reaffirmed in *In re Bilski* during examination of the '694 patent.  Thus, Defendants' argument is moot. The Patent Office is presumed to have done its job, and the facts, when viewed in a light most favorable to Plaintiff, demonstrates that the patent is valid and Defendants' motion should be dismissed.

      2.  <u>Defendants' Primary Case Law, In re Bilski, Is Currently Being Challenged and Awaiting Review and Decision By the Supreme Court</u>

The outcome of *In re Bilski* is currently being challenged by the parties Bilski and Warsaw.  *See Bilski v. Doll*, 2009 U.S. LEXIS 4103 (U.S. June 1, 2009).  The Supreme Court would only have granted *certiori* of the Federal Circuit decision if it felt the need to clarify or correct statements in that decision.  Over sixty Amicus Briefs were filed with the Supreme Court for its consideration of the case, further demonstrating the uncertainty the *In re Bilski* decision presents at this time.  Accordingly, any decision based upon *In re Bilski* will very likely result in wasting court resources, pending the outcome of the Supreme Court's analysis and decision of the case.  Because the legal premise of Defendants' assertion of invalidity of the '694 patent is in question, the Defendants' Fed. R. Civ. P. 12(c) should be denied.

15

### 3.   The Machine-or-Transformation Test Does not Apply to Claim 1

Claim 1, a system claim, is directed to an apparatus having certain functions.  For example, claim 1 includes "a database that stores loan package data" and a "computer system" with "a first interface that allows the lenders to securely upload loan package data" and "a second interface that prompts a borrower to enter personal loan evaluation information." (Exhibit A, col. 17, lns. 23-38).  The machine-or-transformation test applies to method claims only.  *In re Bilski*, 545 F.3d 949.

Even if claim 1 were a method claim (it is not), the machine-or-transformation test still would not apply, as Defendants' allege.  (Defendants Brief, pages 13-14).  The computer system includes "a borrower grading module" that calculates a credit grading based upon the borrower's information.  The result of the grading module is used with other information such as underwriting criteria to "identify a set of loan packages for which the borrower qualifies." (Exhibit A, col. 17, lns. 46-47).  The computer system performs steps to produce the "total cost of each loan package in the set …including costs of closing services not provided by corresponding lenders."  (Exhibit A, col. 17, lns. 55-57).  These steps are directed to a computer system with software for transforming the data it receives into a different state.  First, the computer system transforms the borrower's information into a credit grading, which in turn the software processes to identify and to produce a report with specific loan packages tailored to the borrower.  Second, the computer system uses both the data from the lender and the borrower to calculate closing costs, and to report the closings costs to the borrower.  If claim 1 were a method claim, it would still meet the requirements of the "machine-or-transformation" test.  Claim 1 is a valid system claim and the claims depending from claim 1 are valid as well.

4.  Claim 19 Meets the Requirements of the Machine-or-Transformation Test

Claim 19, a method claim, is a "computerized method of reducing discriminatory lending" that requires a machine to transform data that it receives from a borrower, "receiving, over a computer network, personal data entered by a borrower."  (Exhibit A, col. 18, lns. 55-56; 56-57).  The machine (e.g., computer system with hardware and software) is programmed for "automatically generating or causing the generation of a credit grading for the borrower…the credit grading is dependent upon the loan evaluation data entered by the borrower."  (Exhibit A, col. 18, lns. 59-62).  The machine applies the credit grading in a processing step to identify a set of loan packages for which the borrower qualifies ("identifying a set of loan packages for which the borrower qualifies based on said credit grading").  (Exhibit A, col. 18, lns. 66-67).  The machine performs additional steps upon input of data by the borrower, wherein the machine manipulates the data that it generated in the report and transforms the data into a different report ("a user interface that enables the borrower to at least compare total costs of the loan packages for which the borrower qualifies"; "said user interface additionally providing functionality for the user to select and apply for one of said loan packages").  (Exhibit A, col. 19, lns. 9-11; 11-13).  Claim 19 is directed to a computer system that transforms the data it receives into a different state.  The computer-implemented method performs a number of steps in a new financing system to protect the borrower from discriminating stereotypes in applying for a loan.  The method must be performed on a machine in order to keep the borrower anonymous to the lender, and to provide to the borrower these various tools for financing.

5.  Claim 31 Meets the Requirements of the Machine-or-Transformation Test

Claim 31 recites a "computerized method of reducing discriminatory lending" that uses a machine to collect information from a borrower.  (Exhibit A, col. 20, lns. 5-8).  The machine

17

performs steps to process the information and to transform the borrower's information into a

credit grading.

> [G]enerating a credit grading for the borrower, at least in part, via
> execution software that automatically applies underwriting criteria
> of at least one lender to the financial information of the borrower.
> (Exhibit A, col. 20, lns. 10-13).

The machine applies the credit grading to loan information from multiple different lenders to

identify loans for which the borrower qualifies.

> [U]sing at least the credit grading to identify a plurality of home
> loans for which the borrower qualifies, including home loans
> offered by multiple different lenders, without exposing any
> information of the borrower to any lender.  (Exhibit A, col. 20, lns.
> 17-21).

It is essential to the claimed invention that these steps be performed with a technology tool (such

as a computer) to maintain the anonymity of the borrower and to prevent the identity of the

borrower being disclosed to the lender.  Were the invention to occur in-person, over the phone,

via facsimile or through the mail, as Defendants' Brief suggest (Defendants Brief, page 8), the

identity of the borrower would be compromised.  Thus, while the specification describes a

number of different embodiments for the invention, claim 31 recites the use of a machine to

maintain a neutral barrier or "interface" between the borrower and the lender in order to

safeguard the borrower's anonymity.  The remaining steps of claim 31 require the use of a

computer for "outputting information to the borrower," "approving the borrower for a selected

home loan." (Exhibit A, col. 20, lns. 22-23; 27).  The claims depending from claim 31 are valid

because they require the steps be performed on a machine to transform the data in accordance

with the claim limitations set forth therein. *See* Claims 32-37.  (Exhibit A, col. 20, lns. 36-56).

## IV.     CONCLUSION

Plaintiff has demonstrated that the case is not ripe for a judgment on the pleadings under Fed. R. Civ. P. 12(c).  The pleadings, when viewed in a light most favorable for Plaintiff, favor Plaintiff.  Further, Plaintiff demonstrates that questions of fact are in dispute.  For example, although Defendants have questioned the validity of the patent, Plaintiff has demonstrated that it is entitled to a presumption of validity.  While Defendants assert the '694 patent is invalid as a matter of law, the parties' briefs demonstrate that they dispute the underlying factual basis.  Thus, Defendants have not met their burden under either Rule 12(c) for a motion for judgment on the pleadings.  Nor have Defendants met their burden for proving the '694 patent is invalid under 35 U.S.C. § 101.  For these reasons, Plaintiff respectfully requests the Court deny the Rule 12(c) Motion.

Dated: April 12, 2010                                  Respectfully submitted,

                                                       By: /s/ Andrew W. Spangler
                                                       Andrew W. Spangler
                                                       Texas State Bar No. 24041960
                                                       **SPANGLER LAW P.C.**
                                                       208 N. Green Street, Suite 300
                                                       Longview, Texas 75601
                                                       Telephone: 903-753-9300
                                                       Facsimile: 903- 553-0403
                                                       spangler@spanglerlawpc.com

                                                       **OF COUNSEL:**
                                                       John F. Ward, Esq.
                                                       E-mail: wardj@wardolivo.com
                                                       John W. Olivo, Jr., Esq.
                                                       E-mail: olivoj@wardolivo.com
                                                       David M. Hill, Esq.
                                                       E-mail: hilld@wardolivo.com
                                                       **WARD & OLIVO**
                                                       380 Madison Avenue
                                                       New York, New York 10017

Telephone: (212) 697-6262
Facsimile: (212) 972-5866

**ATTORNEYS FOR PLAINTIFF,**
**Mortgage Grader, Inc.**

**CERTIFICATE OF SERVICE**

   I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


April 12, 2010         /s/ Andrew W. Spangler   
                   Andrew W. Spangler

21