## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | | |
|---|---|---|---|
| **Mortgage Grader, Inc.,** | § | | |
| | § | | |
| **Plaintiff** | § | | |
| | § | | |
| **vs.** | § | **NO.** | **09-CV-319-TJW** |
| | § | | |
| **BankLoans.com LLC,** | § | | |
| **Mortgagebot, LLC** | § | | |
| **Zillow Inc.,** | § | | |
| **Amerisave Mortgage Corp.,** | § | | |
| **American Internet Mortgage Inc., and** | § | | |
| **American Heritage Capital LP d/b/a AHC** | § | | |
| **Lending,** | § | | |
| | § | | |
| **Defendants.** | § | | |
| | § | | |

## DEFENDANTS' REPLY BRIEF
## IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT ........................................................................................................................1

I.   Mortgage Grader misapprehends the impact of *Bilski* on the '694 patent
     and this case. ...............................................................................................................1

    A.   The '694 patent was examined under the obsolete "useful, concrete and
          tangible result" test. ...........................................................................................2

    B.   The Supreme Court's pending review of *Bilski* does not provide any
          basis for denying the motion for judgment on the pleadings.................................4

II.  Mortgage Grader does not raise any issue of fact that would preclude
     judgment under Rule 12. ...............................................................................................5

    A.   The Court is not required to construe claims before deciding the section
          101 issue. ............................................................................................................5

    B.   Defendants' citation of district court cases does not create a factual
          dispute. ...............................................................................................................7

III. Mortgage Grader fails to show that claims 1, 19 or 31 are drawn to
     patentable subject matter. .............................................................................................8

    A.   Claim 1 ................................................................................................................8

    B.   Claims 19 and 31 .............................................................................................10

CONCLUSION ...................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Cybersource Corp. v. Retail Decisions, Inc.*, 620 F. Supp. 2d 1068 (N.D. Cal. 2009)....................................................................................................7

*Every Penny Counts, Inc. v. Bank of Am. Corp.*, No. 07-042, 2009 U.S. Dist. LEXIS 53626 (M.D. Fla. May 27, 2009).................................................9

*In re Abele*, 684 F.2d 902 (C.C.P.A. 1982) .........................................................4

*In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008) ...............................................passim

*In re Comiskey*, 554 F.3d 967 (Fed. Cir. 2009)....................................................6

*Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956 (Fed. Cir. 1997) ......................3

*Malacara v. Garber*, 353 F.3d 393 (5th Cir. 2003)..............................................6

*Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887 (5th Cir. 1998) ...................................................................................................................6

*W. Elec. Co. v. Piezo Tech., Inc.*, 860 F.2d 428 (Fed. Cir. 1988) ........................4

Mortgage Grader's defense of the '694 patent is premised on numerous errors, but the most fundamental one is this: Mortgage Grader contends, essentially, that the '694 patent is directed to patentable subject matter simply because its claims describe the invention as a "computer-implemented system."  Mortgage Grader has misunderstood the impact of *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008), cert. granted, 129 S. Ct. 2735 (2009), on the '694 patent and this case.  The underlying invention of the '694 patent is a method of brokering loans, and merely including a few features of general-purpose computers in the claims is not enough to meet the requirements of the *Bilski* machine-or-transformation test.

Mortgage Grader contends too that the question of whether the '694 patent meets the requirements of section 101 is not ripe for decision because there are disputed issues of fact or claim construction.  The defendants squarely addressed this issue in their opening brief.  In response, Mortgage Grader failed to point to *any* disputed fact or claim construction that would prevent this Court from deciding whether the '694 patent is drawn to patentable subject matter.  In the absence of any such dispute, whether the '694 patent meets the requirements of section 101 is purely a question of law, appropriately decided on the defendants' motion for judgment on the pleadings under Rule 12(c).

## ARGUMENT

**I.     Mortgage Grader misapprehends the impact of *Bilski* on the '694 patent and this case.**

Mortgage Grader concedes, as it must, that the '694 patent is valid only if it meets the *Bilski* "machine–or–transformation test."  But Mortgage Grader is demonstrably wrong in its attempt to argue that the '694 patent was examined and issued under the machine–or–transformation test.  Opposition at 14-15.

A.      The '694 patent was examined under the obsolete "useful, concrete and tangible result" test.

The '694 patent, which issued in April 2008, was examined under the "useful, concrete and tangible result" test that was abrogated by the Federal Circuit in *Bilski*.  The version of the Manual of Patent Examining Procedure ("MPEP") in effect when the '694 patent issued clearly instructs examiners to apply the "useful, concrete and tangible result" test.  MPEP § 2106 at 2100-11 (8th ed., rev.6 2007).  That test was expressly disavowed by the Federal Circuit in *Bilski* in October 2008.  The *Bilski* decision prompted the Patent Office to release Interim Examination Instructions For Evaluating Subject Matter Eligibility Under 35 U.S.C. § 101 ("Interim Instructions") in August 2009—sixteen months after the '694 patent issued.  The Interim Instructions revised the patent examination process to address the *Bilski* decision:

> The state of the law with respect to subject matter eligibility is in flux.  The following interim instructions are for examination guidance pending a final decision from the Supreme Court in *Bilski v. Kappos*.

Interim Instructions.  Plainly then, the '694 patent could not have been examined under the *Bilski* machine–or–transformation test.

Nevertheless, Mortgage Grader attempts to deny the obvious.  Mortgage Grader asserts that the '694 patent would "more likely" have been examined under the "transformation" prong of the machine–or–transformation test, and that the transformation prong was not changed by *Bilski*.  But Mortgage Grader is wrong for at least three reasons.  First, Mortgage Grader misses the point, which has nothing to do with the examiner's actual reasons for allowing the '694 patent, or which prong of the test he applied.  Once a patent issues, the thought process of the examiner is shielded from discovery because it is irrelevant.  *Magnivision, Inc. v. Bonneau Co*., 115 F.3d 956, 960 (Fed. Cir. 1997) (holding that "the patent examiner's thought processes are shielded from discovery as to their 'bases, reasons, mental processes, analyses or conclusions,'"

citing *W. Elec. Co. v. Piezo Tech., Inc.*, 860 F.2d 428, 432 (Fed. Cir. 1988)). Mortgage Grader's rank speculation as to the reasoning of the examiner is irrelevant. The examiner is conclusively presumed to have followed the rules of the Patent Office. But there is no denying that the test for patentable subject matter under section 101 changed with *Bilski*.

Second, Mortgage Grader wrongly contends that *Bilski* did not change the transformation prong of the test. The operative question before the *Bilski* court was whether the rejected patent claim "satisfie[d] the transformation branch of the machine–or–transformation test." *Bilski*, 545 F.3d at 963. But before turning to the facts of the case, the *Bilski* court provided an extended discussion of how the transformation prong should be understood and applied. *Id.* at 962-63. As summarized in the defendants' brief in support of the motion for judgment on the pleadings (Motion at 17-21), the *Bilski* court articulated two "corollaries" to guide the application of the machine-or-transformation test. Those two *Bilski* corollaries were explained in detail and made part of the application of the machine–or–transformation test in the August 2009 Interim Instructions. *Bilski* clarified significantly the transformation prong of the machine–or–transformation test, and prompted the Patent Office to amend its examination instructions.

The third reason Mortgage Grader's contention must be rejected is that there is nothing in the '694 patent to suggest that it would be appropriately examined under the transformation prong of the test. The patent claims a "computer-implemented" system or process, plainly invoking the machine prong of the test. The transformation prong is satisfied only if the invention transforms an "article" from one state to another. An "article" refers to a physical object or substance, or electronic data that represents physical objects or substances. The *Bilski* court explained this important distinction in its discussion of *In re Abele*, 684 F.2d 902 (C.C.P.A. 1982). Those claims in *Abele* directed to the manipulation of data and display of that data in a different format failed the machine-or-transformation test and are unpatentable. *Bilski*, 545 F.3d

at 962.  By contrast, the patentable claims in *Abele* transformed and displayed x-ray attenuation data to facilitate the representation of three-dimensional bodies in a two-dimensional field. These claims were drawn to patentable subject matter because the data "represented physical and tangible objects."  *Id*. at 962-63.  The '694 patent has nothing to do with the transformation of data representing physical objects or substances, but instead deals with the creation of legal or business obligations and relationships.  As the defendants explained in their opening brief, the manipulation of legal and business relationships cannot satisfy the transformation prong.  Motion at 10 n. 4.

**B.     The Supreme Court's pending review of *Bilski* does not provide any basis for denying the motion for judgment on the pleadings.**

*Bilski* has been the law of the land since October 30, 2008, nearly a year before Mortgage Grader filed this suit.  The Supreme Court granted certiorari to review *Bilski* on June 1, 2009, five months before Mortgage Grader filed this suit.  But now Mortgage Grader tells the Court that it would be wasting its time to decide the case under current law!

Mortgage Grader freely chose the time and place of this litigation, and it must live with that choice.  The '694 patent issued on April 29, 2008, and an abundant term remains.  There is no statute of limitations issue: Mortgage Grader could sue as late as April 29, 2014 and still recoup damages for the full patent term.  In other words, if Mortgage Grader were concerned about uncertainty of the scope of patentable subject matter, it could have waited until the Supreme Court decided *Bilski* before suing.  Instead, Mortgage Grader filed suit in one of the fastest patent districts in the nation.

The defendants agree that the Court should prevent the waste of judicial and party resources.  The best way to do so would be to decide the defendants' motion expeditiously.

**II.     Mortgage Grader does not raise any issue of fact that would preclude judgment under Rule 12.**

Mortgage Grader has failed to raise any factual dispute that would preclude judgment under Rule 12(c).  Of course "[j]udgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain."  *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).  But Mortgage Grader cannot defeat the defendants motion for judgment on the pleadings simply by crying "dispute!"

In the face of defendants' motion, Mortgage Grader has the duty to identify the facts it claims are in dispute.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs."); *see also In re Comiskey*, 554 F.3d 967, 975 (Fed. Cir. 2009) (noting that a court properly reviews patentability under section 101 where the patentee or patent applicant has not identified any factual issues that preclude such a determination).  Because Mortgage Grader has not identified any material fact that is in dispute, the defendants' motion for judgment on the pleadings should be granted.

**A.     The Court is not required to construe claims before deciding the section 101 issue.**

Mortgage Grader wrongly contends that this Court cannot reach the section 101 issue until after claim construction.  Mortgage Grader argues, in essence, that there is a per se rule barring a court from deciding whether a claim is drawn to patentable subject matter before construing the claims.  But this is wrong, as *Bilski* itself shows.

In *Bilski*, the Federal Circuit acknowledged that claim construction is often an important first step in a section 101 analysis.  *Bilski*, 545 F.3d at 951.  However, in *Bilski*, there was no claim construction dispute, and accordingly, the court reached the section 101 question without construing the claims.  *Id*.

So it should be here.  In their opening brief, the defendants pointed out that, as in *Bilski*,

claim construction is unnecessary. The claim terms at issue in the '694 patent are well known terms that describe features of general purpose computers whose meaning cannot reasonably be disputed. Motion at 7-8. In response, Mortgage Grader has not pointed to even a single term whose meaning is disputed. In the face of the defendants' motion, it is Mortgage Grader's obligation to show why the Court must engage in claim construction of terms like "interface," "database" or "computer" before deciding this motion.

Mortgage Grader also misunderstands *Cybersource*, in which the court held that deciding the section 101 issue "does not require that the claims actually be construed." *Cybersource Corp. v. Retail Decisions, Inc.*, 620 F. Supp. 2d 1068, 1073 (N.D. Cal. 2009). The case had proceeded to summary judgment, and the parties had by then submitted their proposed claim constructions. But the court made clear that it did not need to construe claims to grant the section 101 motion. Instead, the court simply embraced the constructions advanced by the plaintiff as the non-moving party, and held that even with this most plaintiff-favorable construction, the claims were not drawn to patentable subject matter.

So too here. For purposes of this motion, the Court can and should construe terms like "interface," "database," and "computer" favorably to Mortgage Grader. For purposes of this motion, that means that these terms refer to hardware or, as Mortgage Grader calls them, "technology tools." No further detail or particularity as to the meaning of these terms is required to decide this motion. To the extent Mortgage Grader suggests there is some unidentified dispute about the meaning of a claim term, the dispute is immaterial and does not preclude judgment on the pleadings because, at best, these terms refer to general purpose computers, which do not satisfy the machine-or-transformation test. As in *Cybersource*, claim construction is irrelevant here.

Mortgage Grader could have put forth a construction of any claim term that might have

mattered here, but it chose not to.  At the very least, Mortgage Grader should have shown how construction of a claim term might matter to the section 101 issue, but it chose not to do that either.  Mortgage Grader is stalling to avoid the inevitable:  Under any reasonable interpretation of "computer," "interface," or "database," the '694 patent is simply not drawn to patentable subject matter.

> ### B.     Defendants' citation of district court cases does not create a factual dispute.

The defendants cited informative district court cases as persuasive authority, because these courts have addressed whether patents covering similar technology are drawn to patentable subject matter.  These decisions, of course, are not binding on this Court.  But the analyses in these cases is informative and likely very helpful.

Mortgage Grader contends—incorrectly—that the defendants' citation of district court cases somehow raises a factual dispute and converts their motion to one for summary judgment:

> Defendants' use of facts and claim construction arguments from these cases go beyond the pleadings.  Plaintiff is permitted by law to conduct discovery and introduce evidence regarding the issues raised and to respond to Defendants' factual arguments. Fed. R. Civ. P. 12(d).  The Defendant's Rule 12(c) motion must be treated as a motion for summary judgment under Rule 56.

Opposition at 12.  This argument makes no sense.

Mortgage Grader is free to distinguish the facts of the cases cited by the defendants, if it can.  But the mere citation of persuasive district court cases—even if the facts in those cases were somehow distinguishable—does not "go beyond the pleadings."

Mortgage Grader's invocation of Rule 56, and its suggestion that discovery is necessary, is inapt for three reasons.  First, Mortgage Grader is not automatically entitled to conduct discovery if its complaint fails to state a claim for which relief can be granted.  Second, Mortgage Grader, as the patentee, should know more about the '694 patent than any other party. Third, and most fundamentally, the section 101 issue does not raise any issue on which factual

discovery from the defendants, or anyone else, is needed.  This Court, like the Patent Office, must determine whether the claims of the '694 patent are drawn to patentable subject matter on the basis of the claims themselves.

**III.    Mortgage Grader fails to show that claims 1, 19 or 31 are drawn to patentable subject matter.**

Mortgage Grader's defense of the claims of the '694 patent is limited to a scant three pages devoted to independent claims 1, 19 and 31.  Mortgage Grader fails to show how these claims meet the machine-or-transformation test, and it does not mount a separate defense of any dependent claim.

**A.    Claim 1**

Mortgage Grader's defense of claim 1 is filled with errors and contradictions.  Mortgage Grader wrongly contends that *Bilski* applies only to "method" claims.  Actually, the issue in *Bilski* was the scope of the statutory category "process."  Thus, *Bilski* applies not only to method claims, but to any claim for a process.

Mortgage Grader wrongly contends that claim 1 is directed to an "apparatus" because the preamble describes the claimed inventions as a "computer-implemented system."  Opposition at 16.  According to Mortgage Grader, because the claim is directed to an apparatus, it need not satisfy the *Bilski* machine–or–transformation test.  This is plainly wrong.  The term "system" is not synonymous with "apparatus."  A claimed invention described as a "system" might well be a "process," depending on the underlying substance of the claim.  *See, e.g., Every Penny Counts, Inc. v. Bank of Am. Corp.*, No. 07-042, 2009 U.S. Dist. LEXIS 53626, *6 (M.D. Fla. May 27, 2009) (holding that the patent claimed a process, not a machine, even though the claim was for a "system").  As *Bilski* makes clear, the patentee cannot bring his invention within the scope of patentable subject matter simply by recasting the invention in artful claim language.  Virtually any method could be recast as a "system" simply be re-describing the steps of the method in

terms of "components" with "functions."  Thus, the use of the term "system" does not, in itself,

show that a claim satisfies section 101.

Claim 1 of the '694 patent is an example of a method described in terms of a system, as

Mortgage Grader's own brief shows.  Mortgage Grader describes claim 1 as a computer system

that performs the steps of a process:

> The computer system performs steps to produce the "total cost of
> each loan package in the set … including costs of closing services
> not provided by corresponding lenders."  These steps are directed
> to a computer system for transforming the data it receives into a
> different state.

Opposition at 16.  The "system" of claim 1 is not a machine, but a computer-implemented

process that must pass the *Bilski* machine–or–transformation test.  Indeed, both the title of the

patent (Credit/Financing Process) and the abstract ("A method for a borrower to obtain and/or

evaluate financial services is disclosed.") confirm that the patent is directed to a process.

If claim 1 were, at bottom, an apparatus or machine, it ought readily to satisfy the

machine prong of the test.  But oddly, Mortgage Grader argues that claim 1 satisfies the

*transformation* prong, because it transforms data from one state to another.  The essential

transformation, as Mortgage Grader describes it, is that borrower information is transformed into

a credit grading, which the system further processes to produce a report with loan packages.

Opposition at 16.  But this transformation does not satisfy the machine-or-transformation test.

The *Bilski* court made clear that the manipulation of legal obligations or business

obligations was not a transformation that satisfies the machine-or-transformation test:

> Purported transformations or manipulations simply of public or
> private legal obligations or relationships, business risks, or other
> such abstractions cannot meet the [machine-or-transformation] test
> because they are not physical objects or substances, and they are
> not representative of physical objects or substances.

*Bilski*, 545 F.3d at 963.  The purported transformation of claim 1 is merely the manipulation of

abstract financial information, not the manipulation of data representative of physical objects.

Claim 1 is unpatentable, just like the similar claims rejected in numerous cases cited in

defendants' opening brief.  Motion at 10 n.4 (discussing cases).

### B.     Claims 19 and 31

Mortgage Grader's defense of claims 19 and 31 adds little to the flawed "transformation"

argument made in defense of claim 1.  Claims 19 and 31, like claim 1, merely manipulate

financial and business information without transforming a physical object, or even data

representing a physical object, from one state to another.

The only additional argument made by Mortgage Grader on behalf of claims 19 and 31 is

an attempt to tie the claimed method to a machine.  Mortgage Grader contends that the method

must be performed on a machine to keep the borrower anonymous from the lender.  According to

Mortgage Grader, the method cannot be performed using other communication media, such as

phone, fax or mail, without compromising the confidentiality of the borrower.

The specification of the '694 patent shows that this wrong.  All that is required is that the

credit grading and loan package matching be performed by an "independent entity."  (Abstract;

Fig. 1)  The section of the patent that discusses the collection of information and the purpose of

the borrower's anonymity describes the use of an "intermediary," it does not require the use of a

machine.  Col. 3, ln. 1-Col. 5, ln. 67.

But Mortgage Grader's argument falls short for another reason: even if claims 19 and 31

did require the use of a computer, that is not enough to satisfy the *Bilski* machine–or–

transformation test.  The claim must be tied to a particular machine.  The mere inclusion of

limitations requiring the use of a general purpose computer does not tie the claim to a particular

machine.

**CONCLUSION**

For the foregoing reasons, the motion for judgment on the pleadings by Mortgagebot,

AimLoan, Amerisave, AHC, and Zillow should be granted.


Dated this 22nd day of April, 2010                    Respectfully submitted,


                                                      */s/ James D. Peterson*
_____

                                                      Blake A. Bailey, Texas Bar No. 01514700
                                                      CANTEY & HANGER LLP
                                                      Southlake Town Square
                                                      181 Grand Avenue, Suite222
                                                      Southlake, Texas 76092-7629
                                                      Phone: (817) 877-2898
                                                      Fax: (817) 878-6050


                                                      Brian G. Gilpin, Wis. Bar No. 1029504
                                                      GODFREY & KAHN, S.C.
                                                      780 North Water Street
                                                      Milwaukee, WI 53202
                                                      Phone: (414) 273-3500
                                                      Fax: (414) 273-5198
                                                      bgilpin@gklaw.com

                                                      James D. Peterson, Wis. Bar No. 1022819
                                                      Bryan J. Cahill, Wis. Bar No. 1055439
                                                      GODFREY & KAHN, S.C.
                                                      One East Main Street, Suite 500
                                                      Post Office Box 2719
                                                      Madison, WI  53701-2719
                                                      Phone: (608) 257-3911
                                                      Fax: (608) 257-0609
                                                      jpeterson@gklaw.com
                                                      bcahill@gklaw.com


                                                      Attorneys for Defendants,
                                                      Mortgagebot, LLC and
                                                      American Internet Mortgage Inc.

Dated this 22nd day of April, 2010       Respectfully submitted,


                                         /s/ John R. Emerson

                                         David H. Harper, Texas Bar No. 09025540
                                         John R. Emerson, Texas Bar No. 24002053
                                         HAYNES AND BOONE, LLP
                                         2323 Victory Avenue, Suite 700
                                         Dallas, Texas 75219
                                         Phone: (214) 651-5000
                                         Fax: (214) 651-5940
                                         david.harper@haynesboone.com
                                         russ.emerson@haynesboone.com


                                         Attorneys for Defendant,
                                         Amerisave Mortgage Corp.

Dated this 22nd day of April, 2010                    Respectfully submitted,


                                                      */s/ John R. Emerson*
                                                      _____

                                                      David H. Harper, Texas Bar No. 09025540
                                                      John R. Emerson, Texas Bar No. 24002053
                                                      HAYNES AND BOONE, LLP
                                                      2323 Victory Avenue, Suite 700
                                                      Dallas, Texas 75219
                                                      Phone: (214) 651-5000
                                                      Fax: (214) 651-5940
                                                      david.harper@haynesboone.com
                                                      russ.emerson@haynesboone.com


                                                      John J. Barnhardt, III
                                                      Rebecca A. Brown
                                                      SUMMA, ADDITON & ASHE, P.A.
                                                      11610 North Community House Road
                                                      Charlotte, North Carolina 28277-2199
                                                      Phone: (704) 945-6707
                                                      Fax: (704) 945-6735
                                                      jbarnhardt@summalaw.com
                                                      rbrown@summalaw.com

                                                      Attorneys for Defendant,
                                                      American Heritage Capital LP d/b/a
                                                      AHC Lending

Dated this 22nd day of April, 2010                    Respectfully submitted,


                                                     /s/ John H. McDowell, Jr.
                                                     _____

                                                     John H. McDowell, Jr.,
                                                     Texas Bar No. 01514700
                                                     K&L GATES LLP
                                                     1717 Main Street, Suite 2800
                                                     Dallas, Texas 75201
                                                     Phone: (214) 939-550
                                                     Fax: (214) 939-5849
                                                     john.mcdowell@klgates.com


                                                     David T. McDonald, Wash. Bar No. 5260
                                                     Cristofer I. Leffler, Wash. Bar. No. 35020
                                                     K&L GATES LLP
                                                     925 Fourth Avenue, Suite 2900
                                                     Seattle, Washington 98104
                                                     Phone: (206) 370-6745
                                                     Fax: (206) 370-6354
                                                     david.mcdonald@klgates.com
                                                     cristofer.leffler@klgates.com


                                                     Attorneys for Defendant,
                                                     Zillow, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with true and correct copies of the following documents via the Court's CM/ECF system per Local Rule CV – 5(a)(3) on April 22, 2010:

- Defendants' Reply Brief In Support Of Their Motion For Judgment On The Pleadings

*/s/ James D. Peterson*
James D. Peterson

4881800_1